JENNIFER S. BALDOCCHI (SB# 168945)
jenniferbaldocchi@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

RYAN C. HESS (SB# 263079)
ryanhess@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

MARK C. PETERS (SB#160611)
DUCKWORTH · PETERS · LEBOWITZ LLP
235 Montgomery Street, Suite 1010
San Francisco, California  94104
Telephone: (415) 433-0333
Facsimile:  (415) 449-6556
mark@dplsf.com

JOHN A. FURUTANI (SB# 161757)
FURUTANI & PETERS LLP
350 West Colorado Boulevard, Suite 200
Pasadena, California  91105
Telephone: (626) 844-2437
Facsimile:  (626) 844-2442
JAFurutani@furutani-peters.com

Attorneys for Plaintiff
OREN SHILL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OREN SHILL,<br><br>              Plaintiff,<br><br>       vs.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>              Defendant. | Case No. 08-CV-2918 MCE (DAD)<br><br>**STIPULATION FOR EXTENSION OF PAGE LIMITATIONS GOVERNING DISPOSITIVE MOTION PAPERS AND ORDER THEREON**<br><br>Courtroom:   7, 14th Floor<br>Judge:         Hon. Morrison C. England, Jr. |

TO THE HONORABLE MORRISON C. ENGLAND:

Pursuant to Section VI of the Court's April 20, 2009, Pretrial Scheduling Order, and upon a showing of good cause, Defendant United Parcel Service, Inc. ("UPS") and Plaintiff Oren Shill ("Plaintiff") hereby request that the page limitation for dispositive motion moving papers be extended from 20 pages to 25 pages; that the page limitation for oppositions to dispositive motions be extended from 20 pages to 25 pages; and that the page limitation for replies to dispositive motions be extended from 10 pages to 15 pages.

The parties make this request for the following reasons, which constitute good cause:

1.  This case involves the classification of Plaintiff Oren Shill as exempt from California's wage and hour laws as a Fulltime Supervisor employed by UPS. Plaintiff asserts several causes of action stemming from his alleged misclassification, including failure to pay overtime, failure to provide meal and rest periods, failure to provide properly itemized wage statements, waiting time penalties, conversion, and unfair competition. In addition, Plaintiff seeks various other penalties and punitive damages.

2.  UPS asserts several defenses to Plaintiff's misclassifications claim, including, without limitation, the application of the executive, administrative, and Motor Carrier Act exemptions. UPS intends to move for summary judgment on the applicability of each exemption. Each exemption has several elements. For example, the executive exemption applies to supervisors who (a) customarily and regularly exercise discretion and independent judgment, (b) have the authority to hire or fire another employee, or have their recommendations/suggestions as to hiring, firing, or other changes in status be accorded particular weight, (c) are primarily engaged in exempt job duties, (d) manage a customarily recognized subdivision of the employer's enterprise, (e) customarily and regularly direct the work of at least two other employees, and (f) earn at least two times the California minimum wage. IWC Wage Order 9-2001 § 1 (A) (1). The administrative exemption applies to employees who:

(a) perform office or non-manual work directly related to the management policies or general business operations of UPS; (b) customarily and regularly exercise discretion and independent judgment; (c) execute special assignments and tasks under only general supervision or regularly and directly assist an employee in a bona fide executive or administrative capacity; (d) primarily engage in exempt duties; and (e) earn at least twice the minimum wage. IWC Wage Order 9-2001 § 1 (A) (2). The Motor Carrier Act exemption applies to employees whose hours of service are regulated by the U.S. Department of Transportation ("DOT") through the federal Motor Carrier Act. IWC Wage Order 9-2001 § 3 (L) (1).

3. The summary judgment briefing will address each element of each exemption for each of Plaintiff's relevant positions.

4. UPS's summary judgment briefing will assert additional factual arguments and legal defenses to Plaintiff's claims. For example, UPS will address Plaintiff's claims for failure to provide meal and rest periods, failure to provide properly itemized wage statements, waiting time penalties, conversion, and unfair competition.

5. Therefore, the parties anticipate that extra space will be required to adequately analyze the facts and law regarding each of Plaintiff's positions so that the Court can make an informed and accurate determination.

6. Counsel for the parties have litigated other cases involving the exempt status of current and former Fulltime Supervisors employed by UPS. In most of those cases, the parties have used the above-requested page limitations.

//

//

For these reasons, the parties' respectfully request the extensions listed above for page limitations on dispositive motions.

DATED: May 11, 2010                    PAUL, HASTINGS, JANOFSKY & WALKER LLP


By:_____/s/  Ryan C. Hess_____
                    RYAN C. HESS

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

DATED:  May  11, 2010                  DUCKWORTH · PETERS · LEBOWITZ LLP
                                       FURUTANI & PETERS LLP


By:/s/_____
                    MARK C. PETERS

Attorneys for Plaintiff
OREN SHILL


**ORDER**

IT IS SO ORDERED.

DATED: May 12, 2010

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE